UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON, | No. 2:12-cv-02400 WBS DAD P |
| Plaintiff, | |
| v. | ORDER |
| R. ROBINSON, et al., | |
| Defendants. | |

On April 17, 2014, defendant Robinson[1] filed a motion to dismiss plaintiff's complaint on the ground, among others, that the court lacks subject matter jurisdiction over this action because plaintiff failed to exhaust his administrative remedies prior to filing suit as required. (ECF No. 43.) On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled its prior decision in Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for seeking pretrial resolution of an affirmative defense on the basis of failing to comply with the administrative exhaustion requirement. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Under the decision in Albino, a defendant may raise the issue of proper exhaustion in either: (1) a motion to dismiss brought pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Id. at 1169 (quotation marks omitted). An unenumerated Rule 12(b) motion is no

---

[1] There are nine additional defendants in this action. On March 31, 2014, defendant King filed a motion to dismiss (ECF No. 37), following the March 3, 2014 filing of a motion to dismiss by all the other defendants (ECF No. 26). Neither of these motions asserts plaintiff's failure to exhaust administrative remedies as a basis for dismissal.

1  longer the proper procedural device for raising the issue of exhaustion.  Id.

2  Defendant Robinson does not assert that plaintiff's alleged failure to exhaust administrative remedies is clear on the face of his complaint.  Therefore, defendant's motion to dismiss must be denied, in part, without prejudice to the filing of a motion for summary judgment that reasserts defendant's failure to exhaust argument.  The additional grounds asserted in support of defendant Robinson's motion to dismiss will be duly considered in tandem with the motions to dismiss filed by the other defendants.  (See n.1, supra.)

Accordingly, IT IS HEREBY ORDERED that:

1. The portion of defendant Robinson's motion to dismiss (ECF No. 43) that alleges a failure to exhaust administrative remedies is denied without prejudice.

2. Defendant may, within thirty days after the filing date of this order, file and serve a motion for summary judgment, in accordance with the decision in Albino, that reasserts defendants' failure to exhaust argument.

3. Plaintiff's opposition, which may incorporate his previously filed opposition, shall be filed within twenty-one days after the date of service of the motion for summary judgment on plaintiff; defendants' reply, which may incorporate by reference his previously filed reply on his motion to dismiss, shall be filed within seven days thereafter.

4. The Clerk of Court shall indicate on the docket that defendant Robinson's motion to dismiss (ECF No. 43) is denied, in part, without prejudice, as to defendant's failure to exhaust argument; the remaining arguments, which are fully briefed (ECF Nos. 48, 50), shall be decided in due course.

Dated: June 3, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
john2400.Albino